**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

             CASE NO. 02-CR-80761
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

MARK ARHEBAMEN,
   a.k.a McMaine Ogeorgia,
   a.k.a McMaine O'Georgia,

   Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on November 16, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
CHIEF UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court for a re-sentencing in the case of *United States v. Arhebamen*, Case No. 02-80761, pursuant to a remand of the matter from the Sixth Circuit Court of Appeals in light of *United States v. Booker*, 543 U.S. 220 (2005). This Opinion and Order addresses only the following issues: (1) the Court's re-sentence of Defendant Mark Arhebamen, and (2) Defendant's Motion for Release. The Court held a Sentencing Hearing on this matter on Thursday, November 16, 2006. The Court also notes that it has received and reviewed the Sentencing Memoranda submitted by Defendant, postmarked October 10, 2006.

## II. BACKGROUND

On December 10, 2003, Defendant was convicted by jury of the following counts contained in the Superseding Indictment:

Count 1      Failure to Appear (18 U.S.C. § 3146);
Count 2      False Claim to U.S. Citizenship (18 U.S.C. § 911);
Count 3      Obstruction (18 U.S.C. § 1503);
Count 4      False Statements (18 U.S.C. § 1001); and
Count 5      False Statements (18 U.S.C. § 1001).

On April 6, 2004, the Court sentenced Defendant to a term of imprisonment of 152 months, which was in the middle of the range for term of imprisonment applicable to Defendant pursuant to the U.S. Sentencing Guidelines. On the same date, the Court also issued a 48 page Opinion and Order, wherein the Court set forth in great detail its reasoning for Defendant's sentence, including the manner of calculating the applicable Sentencing Guideline range for Defendant. Defendant appealed his conviction and sentence to the U.S. Sixth Circuit Court of Appeals. On August 18, 2006, the Sixth Circuit issued an Opinion affirming Defendant's conviction, vacating his sentence and remanding the matter for sentencing pursuant to *Booker*.[1]

Subsequent to the Sixth Circuit's remand of this matter, Defendant filed a Motion for Release. Defendant moves the Court to release him from any term of imprisonment pursuant to the Patriot Act because he claims to have provided substantial assistance to the United States Government in the "War Against Terror."

## III. ANALYSIS

---

[1]Following the Sixth Circuit's affirmation of his conviction, Defendant filed a petition for writ of certiorari with the United States Supreme Court. On November 13, 2006, the U.S. Supreme Court denied Defendant's petition.

**A.     Defendant's Sentence**

As noted above, the Court issued an Opinion and Order in conjunction with the imposition of the 152 month imprisonment term on April 6, 2004. The sentenced imposed was in the middle of the 140-175 applicable Guideline range. At that time, however, the Sentencing Guidelines were mandatory. Today, in light of *Booker*, the Sentencing Guidelines are advisory. Other than the fact that the Sentencing Guidelines for Defendant are now a factor to be considered by the Court rather than a mandatory period for the Court to follow, however, the Court's analysis of the appropriate Sentencing Guideline calculations and sentence for this Defendant is no different now than it was then. Accordingly, the Court hereby incorporates its Opinion and Order issued on April 6, 2004.

For the reasons set forth therein, the Court again accepts the results of the Presentence Investigation Report as the findings of fact of this Court. According to the Court's calculations, prior to any departure, the Defendant should be assigned a Total Offense Level of **19** and Criminal History Category V. As explained in the April 6, 2004, Opinion and Order, after departures, the Court has determined that the Defendant should be assigned a Total Offense Level of **28** and Criminal History Category VI. A Guideline Range using these calculations results in a range between 140 and 175 months.

Pursuant to 18 U.S.C. § 3553(a), this Court is to impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

manner. *See* 18 U.S.C. § 3553(a). Based upon the purposes set forth in 18 U.S.C. § 3553(a)(2), and the considerations of § 3553(a)(1), & (3)-(7), the Court imposes upon the Defendant a "total punishment" of a term of imprisonment of 152 months. *See* U.S.S.G. §§ 2J1.6 cmt. N. 3; 5G1.2(d).

The Defendant's sentence as to Count I (Failure to Appear) is 12 months imprisonment to be served consecutively to every other sentence. *See* U.S.S.G. § 2J1.6 cmt. N. 3. The Defendant's sentence as to Count II (False Claim to U.S. Citizenship) is 20 months imprisonment. The Defendant's sentence as to Count III (Obstruction of Justice) is 120 months imprisonment, and is to be served consecutively to every other sentence. The Defendant's sentence as to Count IV (False Statements) is 20 months imprisonment. And the Defendant's sentence as to Count V (False Statements) is 20 months imprisonment. *See* U.S.S.G. §5.G.1.2(d). The Defendant's sentences as to Counts II, IV and V may run concurrently. The Court recommends placement in a maximum security prison and that the Defendant be closely monitored as the Court feels he is a danger not only to other inmates but also to Bureau of Prisons personnel, because of his lack of regard for the truth and his ability to manipulate any situation.

**B.    Motion for Release**

On the eve of his re-sentencing, Defendant filed a document titled "Motion for Release, Nullification of Term [One Hundred and Fifty-Two Months Imprisonment and Term of Four Years Supervised Release] United States Citizenship Pursuant to the Patriot Act of the United States of America." Defendant asserts that the Patriot Act provides, in part,

> . . . that, any alien convicted of a crime and/or serving a term of imprisonment who provides assistance in the war against TERROR shall receive the following compensatory Acts from the United States government . . .

[i] RELEASE FROM TERM OF IMPRISONMENT

[ii] GRANTED CITIZENSHIP OF THE UNITED STATES

[iii] And more . . .!!!

Defendant asserts that he has demonstrated evidence of substantial assistance to the United States Government in the War Against Terror. Defendant claims that (1) he has saved at least 7,000 lives of innocent spectators at a game by notifying authorities, (2) on more than 12 occasions passed on divine, life-saving revelations to the appropriate authorities, (3) notified authorities that Al Qaeda operatives in the United States had plans to bomb hospitals, agricultural infrastructures, grocery stores, important buildings, schools, churches, affluent neighborhoods, (4) notified the President, the Secretary of the Department of Homeland Security of a threat from North Korea in April 2005 that involved loading up a passenger jet liner with nuclear bombs, issuing a fake passenger manifest, having the jet liner depart from Cairo, Egypt on auto-pilot and detonate the bombs in Florida and California, (5) prayed for world peace at the direction of his warden, and (6) engaged in other similar instances of protecting the United States and its citizens. Defendant asserts that these warnings were legitimate, as evidenced by events that occurred at or about those times.

The Court finds that Defendant has submitted no documentation that would support Defendant's claims. Despite the many alleged communications to authorities, Defendant has not supplied copies of the communications, nor has any government authority supplied documentation to this Court that would support Defendant's claims. Accordingly, the Court DENIES Defendant's Motion for Release for lack of merit.

## IV. CONCLUSION

Accordingly, and as set forth above, it is HEREBY ORDERED that Defendant is HEREBY COMMITTED to the Custody of the United States Bureau of Prisons to be imprisoned for a term of 152 months. Defendant shall be given credit for the time he has served since his original sentencing on April 6, 2004. In addition, for the reasons stated above, the Court hereby ORDERS that Defendant's Motion for Release is hereby DENIED.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
Dated: November 16, 2006             LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

S:\Marie ECF\arhebamen.re-sentencingopinion.wpd